IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| CSX TRANSPORTATION, INC., | § | |
| | § | No. 89, 2025 |
| Defendant Below, | § | |
| Appellant, | § | Court Below–Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | C.A. No. K24C-04-018 |
| ROSS FONTANA, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee, | § | |
| | § | |
| and | § | |
| | § | |
| ANITA ORONZIO AND GABRIEL | § | |
| ORONZIO, III, AS PERSONAL | § | |
| REPRESENTATIVES OF THE | § | |
| ESTATE OF LUIGI ORONZIO, | § | |
| | § | |
| Plaintiffs Below, Appellees | § | |
| and Defendants Below, | § | |
| Appellees. | § | |

Submitted: February 28, 2025
Decided: March 27, 2025

Before **VALIHURA**, **TRAYNOR**, and **LEGROW**, Justices.

## ORDER

After consideration of the notice of appeal from an interlocutory order, the supplemental notices of appeal, and their exhibits, it appears to the Court that:

(1)     On April 22, 2022, Luigi Oronzio was driving his Toyota Camry southbound on New London Road toward West Main Street in Newark, Delaware,

when the car became stuck on the New London railroad crossing. Minutes later, a train owned, maintained, and operated by CSX Transportation, Inc. ("CSX") struck Oronzio's Toyota. Oronzio and Ross Fontana, a passenger in Oronzio's car, sustained extensive injuries in the collision, and Oronzio died several days later. Fontana and Oronzio's estate (the "Estate") (together with Fontana, the "Plaintiffs") sued CSX in the Superior Court for negligence and negligence *per se*.[1] Relevant to this appeal, the Plaintiffs' complaints alleged that CSX had breached at least fifteen distinct duties of care that it owed to the Plaintiffs. CSX moved to dismiss the complaints, arguing, among other things, that the Plaintiffs' claims were preempted by federal law—specifically, the Interstate Commerce Commission Termination Act ("ICCTA").

(2)     On January 28, 2025, the Superior Court denied, in relevant part, CSX's motion (the "Opinion").[2] In so doing, the Superior Court concluded: (i) ICCTA does not expressly preempt the Plaintiffs' claims; (ii) ICCTA does not impliedly preempt the Plaintiffs' claims because Congress did not intend for ICCTA to completely occupy the field of railway regulation; and (iii) CSX cannot show, at this stage of the proceedings, that ICCTA impliedly preempts the Plaintiffs' claims on

---

[1] Fontana and the Estate each filed a complaint against CSX and its parent company, CSX Corporation. The cases were consolidated shortly thereafter, and the parties later stipulated to the dismissal of the complaints against CSX Corporation for lack of personal jurisdiction.

[2] *Fontana v. CSX Transp., Inc.*, 2025 WL 326209 (Del. Super. Ct. Jan. 28, 2025). The Superior Court did, however, grant CSX's motion to dismiss the Plaintiffs' negligence *per se* claims.

an as-applied basis.[3] CSX asked the Superior Court to certify an interlocutory appeal of the Opinion under Supreme Court Rule 42. The Plaintiffs opposed the application.

(3) On February 28, 2025, the Superior Court denied the application for certification.[4] As an initial matter, the court disagreed with CSX that the Opinion had decided a substantial issue of material importance—a threshold consideration under Rule 42[5]—because it did not finally resolve the issue of federal preemption. The court nevertheless considered the Rule 42 (b)(iii) factors and concluded that the likely benefits of interlocutory review do not outweigh the probable costs. Importantly, the Superior Court observed that interlocutory review would not terminate the litigation because it would, at best, resolve eight of the Plaintiffs' fifteen allegations of negligence.

(4) We agree with the Superior Court that interlocutory review is not warranted in this case. Applications for interlocutory review are addressed to the sound discretion of the Court.[6] Exercising our discretion and giving due weight to the Superior Court's analysis, we have concluded that the application for interlocutory review does not meet the strict standards for certification under Rule

---

[3] *Id.* at *1.
[4] *Fontana v. CSX Transp., Inc.*, 2025 WL 655803 (Del. Super. Ct. Feb. 28, 2025).
[5] Del. Supr. Ct. R. 42(b)(i) ("No interlocutory appeal will be certified by the trial court or accepted by this Court unless the order of the trial court decides a substantial issue of material importance that merits appellate review before a final judgment.").
[6] Del. Supr. Ct. R. 42(d)(v).

42(b). Exceptional circumstances that would merit interlocutory review of the Opinion do not exist,[7] and the potential benefits of interlocutory review do not outweigh the inefficiency, disruption, and probable costs caused by an interlocutory appeal at this early stage of the litigation.[8]

NOW, THEREFORE, IT IS ORDERED that the interlocutory appeal be REFUSED.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice

---

[7] Del. Supr. Ct. R. 42(b)(ii).
[8] Del. Supr. Ct. R. 42(b)(iii).